WILSON, Circuit Judge,
dissenting:
I do not believe that this court has jurisdiction to deny Brandon Jones’s request for a stay. Moreover, I disagree with the Majority’s conclusions that Jones has not shown a substantial likelihood of success on the merits and that the equities counsel against imposing a stay. Therefore, I respectfully dissent.
First, Jones’s request for a stay is moot. Jones requested a stay pending this court’s decision on whether to consider his challenge to Georgia’s Lethal Injection Secrecy Act en banc, and, understanding that an en banc hearing will not take place, this court’s decision to issue an opinion denying the motion is unnecessary.
Second, for the reasons discussed in my forthcoming dissent to this court’s denial of Jones’s request for an en banc hearing, I believe that Georgia’s Lethal Injection Secrecy Act violates his right to due process under the Fifth, Eighth, and Fourteenth Amendments. The fact that Jones did not appeal the district court’s decision on his Eighth Amendment method-of-execution claim does not doom his due process claim. Contrary to the Majority’s assertions, Jones’s decision not to appeal the district court’s dismissal of the method-of-execution claim does not untether his due process challenge to the Secrecy Act from that claim. Jones argues in his briefing that without access to information protected by the Secrecy Act, his method-of-execution claim is foreclosed. In other words, Jones’s due process claim is inextricably intertwined with his method-of-execution claim. In light of this close relationship, if we find the Secrecy Act unconstitutional, then we have discretion to vacate and remand to allow the district court to consider Jones’s method-of-execution claim. See 28 U.S.C. § 2106. Thus, Jones has stated a claim involving imminent injury: the Secrecy Act violates his due process rights by preventing him from pursuing his method-of-execution claim.
Finally, I find the Majority’s arguments regarding the equities wholly unpersuasive, especially considering the recent factual and legal developments relevant to Georgia’s lethal injection process and method-of-execution claims.
For these reasons and those to follow in my dissent from the denial of Jones’s request for an en banc hearing, I dissent.